United States District Court | Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
August 03, 2021
Nathan Ochsner, Clerk

Kevin Umbehr, *et al.*,

        Plaintiffs,

*versus*

Allstate Vehicle and Property
Insurance Company,

        Defendant.

Civil Action H-21-1643

## Opinion on Dismissal

1. *Background.*

Kevin and Falthesa Umbehr own a home in Conroe, Texas. It was insured for wind and hail damage through Allstate Vehicle and Property Insurance Company. A storm damaged the house.

On October 16, 2020, the Umbehrs submitted a claim under the policy. The home was inspected on October 26 and December 30, 2020.

Allstate denied the claim finding that the covered damage was less than the deductible.

On April 15, 2021, Kevin, Falthesa, and Daniel Umbehr sued Allstate for: (a) breach of contract; (b) violating the Texas Insurance Code; (c) violating the Texas Deceptive Trade Practices Act; and (d) common-law bad faith. Allstate has moved to dismiss for failing to state a claim. It will prevail.

2. *Breach of Contract.*

To state a claim for breach of contract, the Umbehrs must have adequately pleaded facts that: (a) their insurance policy was valid; (b) they performed under it; (c) Allstate breached the policy; and (d) the Umbehrs were damaged as a result.[1]

---

[1] *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001).

The Umbehrs say that Allstate breached by "fail[ing] and/or refus[ing] to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas." They insist that they performed under the policy.

The majority of the Umbehrs' complaint is legal conclusions. They have pleaded no facts of: (a) what provision of the policy Allstate breached; (b) why the investigation was unreasonable; (c) why the estimate was inadequate; (d) why the denial was a breach; and (e) what amount they should have gotten under the policy.

The Umbehrs do not even say when the storm damaged their home. Their complaint largely amounts to "some storm damaged our home in some way at some time, and we want money because we say so." This is clearly inadequate to state a claim.

The Umbehrs' breach of contract claim will be dismissed.

3. *Extra-Contractual Claims.*

Because they have not adequately pleaded a breach of the policy, the Umbehrs' extra-contractual claims for violating the Texas Insurance Code, violating the Texas Deceptive Trade Practices Act, and common-law bad faith also will be dismissed. These claims were lazily over-pleaded. The Umbehrs give legal conclusions and statutory language but no facts for these claims. Merely listing legal conclusions is inadequate, and these extra-contractual claims will be dismissed.

4. *Conclusion.*

Kevin, Falthesa, and Daniel Umbehrs' claims against Allstate Vehicle and Property Insurance Company will be dismissed with prejudice.

Signed on August 2, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge